**Entered on Docket**
**July 28, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: July 28, 2009**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                             No. 08-45683 TD
                                                  Chapter 7
LIPID SCIENCES, INC.,

        Debtor.
_____/

LOIS I. BRADY, Trustee,                           A.P. No. 08-4427 AT

        Plaintiff,

   vs.

ADMIRAL INSURANCE COMPANY;
RSUI INDEMNITY COMPANY; AND
WOODRUFF SAWYER & COMPANY,

        Defendants.
_____/

**MEMORANDUM OF DECISION**

    Plaintiff's motion to enforce a settlement agreement relating to the claims asserted against defendants Admiral Insurance Company ("Admiral") and RSUI Indemnity Company ("RSUI") in the above-captioned adversary proceeding and to strike Admiral's answer to the complaint came on for hearing before the above-captioned Court on June 18, 2009. Appearances were stated on the record. At the

conclusion of the hearing, the Court gave the parties leave to file post-hearing briefs and otherwise took the matter under submission. Having considered the issues presented and the argument made, including the argument asserted in the post-hearing briefs, the Court concludes that the motion must be denied without prejudice.

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

On October 1, 2008, the above-captioned debtor (the "Debtor") wire transferred $90,000 to defendant Woodruff-Sawyer & Co. ("Woodruff-Sawyer") for the benefit of RSUI and wire transferred $131,484.36 to Admiral for its own benefit. The purpose of the payments was to obtain an extension of the expiration date of an Officers and Directors' Errors and Omissions Policy (the "E&O Policy") from November 30, 2008 to October 4, 2011. Two days later, on October 3, 2008, the Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code.

On December 30, 2008, plaintiff Lois I. Brady, the duly appointed chapter 7 trustee, (the "Trustee") filed the above-captioned adversary proceeding, seeking to avoid the wire transfers as transfers that were both actually and constructively fraudulent under 11 U.S.C. § 548(a)(1) and (2), among other things.

The complaint was served on all three defendants. Woodruff-Sawyer filed a timely answer to the complaint. The Trustee gave Admiral and RSUI extensions of time to file their answers. A stipulation was filed giving RSUI until March 2, 2009 to file an answer. The stipulation with respect to Admiral was not reduced to

writing but presumably the time accorded to file an answer has now expired.

On March 2, 2009, the Trustee's counsel had a phone conference with counsel for RSUI in which it was agreed that the claim would be settled by rescission of the E&O Policy and payment by RSUI to the Trustee of $74,250: i.e., the $90,000 wire transfer minus the commission paid to Woodruff-Sawyer. On March 4, 2009, the Trustee's counsel had a phone conference with counsel for Admiral in which Admiral agreed to comparable settlement terms. The only difference was that the amount of the payment to be made to the Trustee by Admiral was not quantified because Admiral's counsel did not know at that time the amount of the commission Admiral had paid to Woodruff-Sawyer.

On March 5, 2009, a status conference was conducted in the adversary proceeding. The Trustee and Admiral appeared through counsel. RSUI was not represented at the status conference. The Trustee informed the Court that she had entered into settlement agreements with both Admiral and RSUI. Counsel for Admiral did not contradict this statement. As a result, the status conference was continued to June 18, 2009.

On April 9, 2009, counsel for Admiral called counsel for the Trustee and informed her that his client had changed its mind about the settlement. The Trustee's counsel responded that this was no longer possible, that the settlement agreement was binding. Admiral disagreed and filed an answer on April 10, 2009. Thereafter, RSUI

3

also declined to sign the proffered settlement agreement. However, no answer has been filed by RSUI to date.

On May 12, 2009, the Trustee filed this motion to enforce the both settlement agreements. Admiral and RSUI filed oppositions to the motion and appeared at the June 18, 2009 hearing.

**DISCUSSION**

The Trustee's original motion to enforce the purported settlement agreements with Admiral and RSUI relied primarily on section 283(1) of the California Code of Civil Procedure. Section 283(1) provides that an attorney has the authority to "bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the Court, and not otherwise;...." See Cal. Civ. Proc. Code § 283(1).[1]

In response, Admiral and RSUI argued that the relevant provision of state law is section 664.6 of the California Code of Civil Procedure. Section 664.6 states that a court may enter judgment in pending litigation only pursuant to: (1) a writing signed by the parties outside the court's presence or (1) an oral statement made in the presence of the court. See Cal. Civ. Proc. Code § 664.6. They asserted that the California Supreme Court has held that "parties" in this context means the clients themselves and not just their attorneys of record. See Levy v. Superior Court (Golant), 10 Cal. 4th

---

[1] Since no settlement agreement was filed with the clerk, presumably, the Trustee is contending that the Trustee's counsel's recitation of the settlement at the March 5, 2009 was sufficient to create an enforceable agreement. At best, this would be sufficient to bind Admiral since RSUI was not represented, even by counsel, at the status conference.

4

578, 585 (1995). Since neither of the clients and only one of the attorneys was present at the March 5, 2009 status conference, the settlement agreement may not be enforced pursuant to this provision.

In reply and in her post-hearing brief, the Trustee contended that section 664.6 is inapplicable to actions in federal court. At the same time, she contended, section 283(1) is applicable in that it describes the authority of an attorney to bind his client and does not just set forth a procedural rule. The Court concludes that neither provision, strictly speaking, is applicable here. The claims asserted in the complaint are based on the Bankruptcy Code and this proceeding is pending in federal bankruptcy court. Therefore, federal law, both substantive and procedural, governs the issues presented here.

The leading authorities in the Ninth Circuit hold that, to be enforceable, a settlement agreement need only fulfill two requirements. First, it must be a "complete settlement agreement." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." McCovey v. Pacific Lumber Co., 1992 U.S. Dist. LEXIS 10678, at *6-7 (N.D. Cal. May 29, 1992)(citing Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1145 (9th Cir. 1977)(per curiam)). The agreement need not be in writing or recited in open court in the presence of the clients. Oral settlement agreements may be enforceable if the parties intended to be bound by the agreement and agreed on its material terms. See Callie, 829 F.2d 891.

5

Admiral and RSUI contended that the settlement agreements were not complete because there was no agreement with regard to third party releases and/or indemnification from third party claims. Their concern appears to be that the officers and/or directors who, on the eve of bankruptcy, used the Debtor's money to purchase the E&O Policies would sue them for agreeing to rescind the E&O Policies. They cited <u>Inamed Corp. v. Kuzmak</u>, 275 F.Supp.2d 1100, 1125 (C.D. Cal. 2002), for the proposition that release and indemnification provisions are generally considered to be material terms of a settlement agreement, particularly in the area of insurance.

The Court finds Admiral's and RSUI's arguments unpersuasive. The Trustee is willing to give them complete releases. The draft written agreement circulated by the Trustee contains such releases. A chapter 7 trustee may not be expected to be able to obtain third party releases. The Trustee's agreement to indemnify Admiral and RSUI if the officers and/or directors sue them would be of little value once the bankruptcy estate has been liquidated and the proceeds distributed.

The Court is close to summarily adjudicating the issue of intent in favor of the Trustee as well. The declaration of Louis J. Cisz, III, the attorney for RSUI, is strong evidence that Admiral and RSUI originally intended to be bound by the payment and rescission terms. In the declaration, he states as follows:

> 7. Subsequent to the March 5, 2009 status conference, Admiral Insurance Company **changed its position** regarding a settlement.
> 8. As the excess insurance carrier, RSUI analyzed its position relative to Admiral

6

>               Insurance Company's position and determined a
>               settlement at this time was not in RSUI's best
>               interest.
>               [Emphasis added.]

The declaration of Jason A. Fogg supporting Admiral's opposition to the motion contains only the self-serving statement that Admiral did not consider the agreement complete with the negotiated terms regarding releases and indemnification. It does not state whether this position was ever communicated by Admiral's counsel to the Trustee's counsel. Whether or not a contract has been formed, as well as its terms, is determined by the *expressed* intent of the parties. When engaging in contract negotiations, a party may not effectively keep to itself its private intent not to be bound. See American Employers Group, Inc. V. Employment Development Department, 154 Cal. App. 4th 836, 847 (2007).

Unfortunately, the Trustee's counsel declaration does not clearly state that this position was never communicated to her. If it had, the Court would grant the Trustee's motion. Without such a statement, the Court concludes it must deny the Trustee's motion. However, the denial is without prejudice to the renewal of the motion based on the submission of further evidence.

**CONCLUSION**

Based on the foregoing, the Court concludes that the Trustee's motion to enforce the purported settlement agreements with Admiral and RSUI must be denied without prejudice. The procedural history of the case renders it inappropriate to enforce the agreements summarily. The Court finds as a matter of law that the terms of the

7

settlement agreement are sufficiently complete to render them binding. However, the Court finds the evidence presented on the intent of Admiral and RSUI to enter into a binding settlement agreement without negotiation of further terms to be inadequate to support a finding as a matter of law in favor of either party. Counsel for the Trustee is directed to submit a form of order in accordance with this decision.

END OF DOCUMENT

8

```
 1                              COURT SERVICE LIST
 2    Reidun Stromsheim
      Stromsheim and Associates
 3    201 California St. #350
      San Francisco, CA 94111
 4
 5    Phillip K. Wang
      Law Offices of Gordon and Rees
 6    275 Battery St. #2000
      San Francisco, CA 94111
 7
      Louis J. Cisz, III
 8    Nixon Peabody LLP
      One Embarcadero Center, 18th Fl
 9    San Francisco, CA 94111-3600

10    Gregg M. Ficks
      Coblentz, Patch, Duffy and Bass
11    1 Ferry Bldg. #200
      San Francisco, CA 94111
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```